UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

CONVERGENT WEALTH ADVISORS
LLC,

    **Plaintiff,**

    **- against -**

LYDIAN HOLDING COMPANY,
LYDIAN TRUST CO., LYDIAN
WEALTH MANAGEMENT COMPANY
LLC, CMS STRATEGIES COMPANY,
LLC, WINDERMERE INVESTMENT
ASSOCIATES, LLC, and
WINDERMERE CAPITAL
MANAGEMENT LLC,

    **Defendants.**

------------------------------------------------- X

       **OPINION AND ORDER**

       12 Civ. 1199

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/13/12__

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

    Convergent Wealth Advisors LLC, a private wealth management

company, brings this indemnification action against fellow private wealth

management companies: Lydian Holding Company, Lydian Trust Co., Lydian

Wealth Management Company LLC, CMS Strategies Company, LLC, Windermere

Investment Associates, LLC, and Windermere Capital Management LLC. The

defendants now move to dismiss the plaintiff's claims for breach of contract, common law indemnification and contribution, and declaratory judgment.  For the reasons stated below, the defendants' motion is granted in part and denied in part.

## II.   BACKGROUND

### A.    The Purchase and Sale Agreement

Plaintiff and defendants are, or were, private wealth management companies that manage the assets of high net worth individuals.[1]  On or about March 26, 2007, City National Corporation ("City National") and Convergent Capital Management LLC ("Convergent Capital"), the parent and affiliate of the plaintiff, entered into a Purchase and Sale agreement ("the purchase agreement") with defendants.[2]  Pursuant to the purchase agreement, City National and Convergent Capital ("Buyer Parties") agreed to acquire certain of defendants' assets — one hundred percent membership interests in Newco LLC, which subsequently became Convergent Wealth Management, the plaintiff — and only certain liabilities, defined as the "Assumed Liabilities."[3]

Pursuant to section 9.1 of the purchase agreement, the defendants

---

[1]    *See* Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 3.

[2]    *See* Complaint ¶ 10.

[3]    *See id.* at ¶ 11.

agreed to "indemnify, defend, and hold harmless, the Buyer Parties . . . from and against, and pay and reimburse the Buyer Parties . . . for, any and all Losses to the extent . . . arising out of . . . any Excluded Liabilities."[4]  Losses is defined in the purchase agreement to include "all costs, damages, liabilities, awards, judgments, losses, expenses (including but not limited to reasonable attorneys' and consultants' fees and expenses, interest and penalties [)]. . . ."[5]  Excluded Liabilities are those based on events occurring prior to closing on May 1, 2007.[6]

Section 9 of the purchase agreement is implemented by Exhibit D, which sets forth the indemnification procedures.[7]  After the assertion of a third party claim against the "Indemnified Party," the "Indemnifying Party" may "at its option, assume and control the defense of such a claim (including the employment of counsel, who shall be reasonably satisfactory to such Indemnified Party, and the payment of expenses of such counsel)."[8]  Until the defense may be assumed by the "Indemnifying Party," the parties shall "cooperate in defense of such claim[,] . . .

---

[4]     Purchase and Sale Agreement ("Agreement"), Ex. A to 03/23/12 Declaration of Joel M. Miller, Defendants' counsel, at 63.

[5]     *Id.* at 11.

[6]     *See* Def. Mem. at 3.

[7]     *See* Agreement at 64.

[8]     *Id.* at Exhibit D(2).

3

and if such Indemnified Party is entitled to indemnification under [] Article IX, all reasonable legal and other expenses reasonably incurred by the Indemnified Party shall be borne by the Indemnifying Party."[9]

### B.    The *Sherman* Arbitration

On or about May 27, 2011, Michael Sherman, Frances Sherman, and Jeffrey Sherman ("the Shermans") commenced an arbitration proceeding against the plaintiff ("the arbitration"), currently pending in New York, New York.[10]  The plaintiff denies any liability to the Shermans and is defending itself in the arbitration.[11]  The Shermans allege, inter alia, that they were fraudulently induced in "early 2007," prior to the purchase agreement closing date, to make certain investments via a "blind trust."[12]  Prior to the closing date, the plaintiff did not exist in its current form, but as Newco LLC, an asset of the defendants.

## III.   LEGAL STANDARD

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of

---

[9]     *Id.*

[10]    *See* Complaint ¶ 13.

[11]    *See id.* ¶ 14.

[12]    *Id.* ¶ 15.

a claim when a federal court lacks subject matter jurisdiction, "the statutory or constitutional power to adjudicate [a claim]."[13]  Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.[14]  A federal court may only exercise jurisdiction over live cases and controversies.[15]

In considering a motion to dismiss for lack of subject matter jurisdiction, "'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'"[16]  However, "'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"[17]  In fact, "where

---

[13]     *See Diagnostic Cardioline Monitoring of N.Y., Inc. v. Leavitt*, 171 Fed. App'x 374, 375 (2d Cir. 2006).

[14]     *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).  *See also Goonewardena v. N.Y.*, No. 05 Civ. 8554, 2007 WL 510097, at * 6 (S.D.N.Y. Feb. 14, 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff[,] as it is the plaintiff who seeks to invoke the court's jurisdiction.").

[15]     *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citation omitted).

[16]     *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000)).

[17]     *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  *Accord London v. Polishbook*, 189 F.3d 196, 199 (2d Cir. 1999) (citations omitted) ("[I]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate [—] not just an allegation in a complaint [—] to support jurisdiction.").

jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."[18]  "In deciding the motion, the court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits.'"[19]

### B.   Ripeness

The "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[20] In its constitutional dimension, the ripeness doctrine "'prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'"[21]  In this respect, ripeness overlaps with standing, and a showing that a claim is sufficiently "actual and imminent" to constitute an Article III injury in fact is normally

---

[18]   *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).

[19]   *Mosdos Chofetz Claim, Inc. v. Village of Wesley Hills*, 701 F. Supp. 2d 568, 580–81 (S.D.N.Y. 2010) (alteration in original) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

[20]   *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993).

[21]   *Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217, 226 (2d Cir. 2008) (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002)).

sufficient to establish that the claim is constitutionally ripe for review.[22]

Under the prudential doctrine of ripeness, "when a court declares that a case is not prudentially ripe, it means that the case will be better decided later and that the parties will not have constitutional rights undermined by the delay."[23] "[T]he fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration must inform any analysis of ripeness."[24]

## C.   12(b)(6) Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true"[25] and "draw all reasonable inferences in the plaintiff's favor."[26]  On the other hand, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[27]  To

---

[22]     *Id.*

[23]     *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003).

[24]     *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

[25]     *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *cert. granted*, 132 S. Ct. 472 (2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 , 678–679 (2009)).

[26]     *Ofori Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[27]     *Iqbal*, 556 U.S. at 678 (citation omitted).

survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[28]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]  Plausibility "is not akin to a probability requirement," rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[30]

The plaintiff in support of her claim may allege "upon information and belief" facts that are "peculiarly within the possession and control of the defendant."[31]  Conversely, the plaintiff should not allege upon information and belief matters that are presumptively within her personal knowledge, unless she rebuts the presumption.[32]  Such matters include "'matters of public record or matters generally known in the community . . . inasmuch as everyone is held to be

---

[28]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  *Accord Iqbal*, 556 U.S. at 678.

[29]     *Iqbal*, 556 U.S. at 678 (citation omitted).

[30]     *Id.* (quotation marks omitted).

[31]     *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

[32]     *See Sanders v. Grenadier Realty, Inc.*, 367 Fed. App'x 173, 177 n.2 (2d Cir. 2010).

conversant with them.'"[33]

## D.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, other than amendments as a matter of course, "a party may amend [its pleading] only by leave of court or by written consent of the adverse party."[34]  Although "[t]he Court should freely give leave when justice so requires,"[35] it is "within the sound discretion of the district court to grant or deny leave to amend."[36]  When a motion to dismiss is granted, "[i]t is the usual practice . . . to allow leave to replead."[37]  Where plaintiff inadequately pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to replead is futile.[38]

---

[33]    *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224, at 300–01 (3d ed. 2004)).

[34]    *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (citation and quotation marks omitted).

[35]    Fed. R. Civ. P. 15(a)(2).

[36]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).

[37]    *Schindler v. French,* 232 Fed. App'x 17, 18 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) (quotation marks omitted).

[38]    *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.   APPLICABLE LAW

A federal court sitting in diversity applies the choice of law rules of the state in which it sits.[39]  Under New York Law, "[a]bsent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction."[40]  Neither party disputes the applicability of the purchase agreement's choice of law provision, which designates Delaware law as controlling.[41]  Accordingly, the plaintiff's claims are governed by Delaware law.

### A.   Breach of Contract

Under Delaware Law, a plaintiff must properly plead three elements of a breach of contract claim:  "(1) the existence of a contract, whether express or implied; (2) a breach of an obligation imposed by that contract; and (3) damage suffered by the plaintiff as a result."[42]  If the contract imposes both a duty to defend

---

[39]    *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)).

[40]    *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001).

[41]    *See* Agreement at 69.

[42]    *Narrowstep, Inc. v. Onstream Media Corp.*, No. 5114-VCP, 2010 WL 5422405, at *7 (Del. Ch. 2010) (citing *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003)).

10

and a duty to indemnify, these obligations should be examined separately.[43]   In the

indemnification context, a duty to defend claim is ripe during the pendency of the

underlying action.[44]   However, a claim for indemnification does not accrue until

the underlying liability has been established.[45]

## B.   Contract Interpretation Under Delaware Law

"[T]he proper interpretation of language in a contract is a question of

law."[46]  "Delaware adheres to the objective theory of contract interpretation" under

which "the court looks to the most objective indicia of [the parties'] intent:   the

words found in the written instrument."[47]  "When the plain, common, and ordinary

meaning of the words lends itself to only one reasonable interpretation, that

---

[43]      *See LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 197 (Del. 2009).

[44]      *See id.* (citation omitted)

[45]      *See id.* at 198.  *See also Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. 2004) (citation omitted) (finding that a cause of action for indemnification accrues when the party seeking indemnification can be confident that the underlying action has been resolved with certainty).

[46]      *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006).

[47]      *Sassano v. CIBC World Mkts. Corp.*, 948 A.2d 453, 461 (Del. Ch. 2008).  *Accord Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997) ("If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract or to create an ambiguity.").

interpretation controls the litigation."[48]  If the language in the contract "is clear and

unambiguous on its face" courts may not "consider parol evidence to interpret it or

search for the parties' intentions."[49]

Contract terms are not rendered ambiguous simply because the parties

disagree as to their construction.[50]  "A trial judge must review a contract for

ambiguity through the lens of 'what a reasonable person in the position of the

parties would have thought the contract meant.'"[51]  Contract terms are only

ambiguous "[w]hen the provisions in controversy are fairly susceptible [to]

different interpretations or may have two or more different meanings."[52]

When faced with an ambiguous contract provision, "the interpreting

---

[48]     *Sassano*, 948 A.2d at 461 (citing *Eagle*, 702 A.2d at 1232).  *Accord AT&T Corp. v. Lillis*, 953 A.2d 241, 252 (Del. Super. 2008) (quoting *Lorillard Tobacco Co. v. American Legacy Found.*, 903 A.2d 728, 739 (Del. 2006)) ("'Delaware courts will not destroy or twist [contract] language under the guise of construing it. When the language of a . . . contract is clear and unequivocal, a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented . . . .'"); *Rhone-Poulenc Basic Chem. Co. v. American Motorist Ins. Co.*, 616 A.2d 1192, 1195–96 (Del. 1992).

[49]     *Pellaton v. Bank of N.Y.*, 592 A.2d 473, 478 (Del. 1991).

[50]     *See Rhone-Poulenc*, 616 A.2d at 1196.

[51]     *Kuhn Const., Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 396 (Del. Super. 2010) (quoting *Rhone-Poulenc*, 616 A.2d at 1197).

[52]     *Eagle*, 702 A.2d at 1232.

court must look beyond the language of the contract to ascertain the parties' intentions" at the time of drafting.[53]  In making such a determination, "the court [] may consider objective [parol] evidence, 'including the overt statements and acts of the parties, the business context, the parties' prior dealings, and industry custom.'"[54]  "[W]here a contract provision lends itself to two interpretations, a court will not adopt [an] interpretation that leads to unreasonable results, but instead will adopt the construction that is reasonable and that harmonizes the affected contract provisions."[55]  "An unreasonable interpretation produces an absurd result or one that no reasonable person would have accepted when entering the contract."[56]

### C.   Common Law Contribution and Indemnification

A right of contribution "arises when one of several obligors liable on a common debt discharges all, or greater than its share, of the joint obligation for the

---

[53]   *Id.*

[54]   *Julian v. Julian*, No. 1892-VCP, 2010 WL 1068192, at *5 (Del. Ch. Mar. 22, 2010) (quoting *Concord Steel, Inc. v. Wilmington Steel Processing Co.*, No. 19035, 2009 WL 3161643, at *6 (Del. Ch. Sept. 30, 2009)).

[55]   *Axis Reinsurance Co. v. HLTH Corp.*, 993 A.2d 1057, 1063 (Del. Super. 2010) (citing Restatement (Second) of Contracts § 203 (1981)); *Lorillard*, 903 A.2d 728; *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 288 (Del. 2001); *Holland v. National Auto. Fibres*, 194 A. 124, 127 (Del. Ch. 1937)).

[56]   *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1160 (Del. Super. 2010) (citations omitted).

benefit of all the obligors."[57]  A contribution claimant "must show concurrent

obligations existed to the same entities . . . ."[58]

On the other hand, "indemnification differs from contribution because

it places the entire burden of a loss upon the party ultimately liable or responsible

for it, and by whom the loss should have been discharged initially."[59]  The

remedies for contribution and indemnification are mutually exclusive.[60]  "A key

difference between a 'common law indemnification,' which is defined as a general

right of reimbursement for debts owed to third parties by the [indemnifying party]

as a secondarily liable party, and 'contractual indemnification' is that common law

indemnification involves the responsibility to pay for another's liability."[61]  A

common law indemnification cause of action does not "accrue until after the party

seeking indemnification has made payment to the third party and the dispute with

---

[57]     *Levy v. Hli Operating Co.*, No. 1395-VCL, 2007 WL 2801383, at *7
(Del. Ch. May 16, 2007) (citation omitted).

[58]     *Id.*

[59]     *Id.*

[60]     *See id.*

[61]     *Quereguan v. New Castle County*, No. 20298-NC, 2006 WL 2522214,
at *5 (Del. Ch. Aug.18, 2006) (citing *Levy v. Hayes Lemmerz Int'l, Inc.*, No. 1395-
N, 2006 WL 985361, at *11 (Del. Ch. Apr. 5, 2006)).

that party is finally concluded."[62]

### D.    Declaratory Judgment

The party seeking a declaratory judgment bears the burden of "establishing the existence of an actual case or controversy."[63]  An actual controversy has been defined as one that is "'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"[64]  That a party's liability may be contingent "'does not necessarily defeat jurisdiction of a declaratory judgment action.'"[65]  Instead, "'courts should focus on the practical likelihood that the contingencies will occur[].'"[66]

In a declaratory judgment case, the court will consider:  "'(1) whether

---

[62]    *Id.*

[63]    *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)); 28 U.S.C. § 2201(a).

[64]    *E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 177 (2d Cir. 2001) (citation omitted) (quoting *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)).

[65]    *SR Int'l Bus. Ins. Co. v. Allianz Ins. Co.*, 343 Fed. App'x 629, 632 (2d Cir. 2009) (citation omitted) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992)).

[66]    *Employers Ins. of Wausau v. Fox Entm't Grp.*, 522 F.3d 271, 278 (2d Cir. 2008) (citation omitted) (alteration in original) (quoting *E.R. Squibb & Sons, Inc.*, 241 F.3d at 177).

the judgment will serve a useful purpose in clarifying or settling the legal issues involved[,] and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'"[67]  In deciding whether a plaintiff has stated a claim for declaratory relief, a federal court applies the substantive state law of the forum in which it sits.[68]

## V.    DISCUSSION

### A.    The Claims for Contractual and Common Law Indemnification Are Not Ripe for Adjudication and Are Dismissed

#### 1.    Contractual Indemnification

The plaintiff cannot claim indemnification, as a matter of law.[69]  The matter is not ripe because there has been no award in the arbitration.[70]  Under Delaware law, a contractual indemnification claim has not accrued; therefore the

---

[67]    *Niagara Mohawk Power Corp. v. Hudson River-Black River*, 673 F.3d 84, 105 (2d Cir. 2012) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003)).

[68]    *See NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 372 (S.D.N.Y. 2000).

[69]    *See Lapoint*, 970 A.2d at 198.  *See also Scharf*, 864 A.2d at 919 (citation omitted) (finding that a cause of action for indemnification accrues when the party seeking indemnification can be confident that the underlying action has been resolved with certainty).

[70]    *See* Complaint ¶ 13.

claim is not prudentially ripe.[71]  The plaintiff does not offer any significant

arguments to counter this legal hurdle to its indemnification claim;[72] and the

defendants are correct — the duty to defend and duty to indemnify obligations

must be examined separately.[73]  No constitutional rights are implicated here, and

the hardship to the plaintiff is mitigated by its ability to proceed on its duty to

defend claim.[74]   As a claim for indemnification has not accrued, a breach of the

duty to indemnify claim is not ripe for adjudication.

### 2.    Common Law Indemnification

There is no ripe case or controversy as to common law

indemnification or contribution, because there has not yet been a payment to a third

party, which is required for the claim to accrue.[75]  The defendants correctly argue

---

[71]     *See Lapoint*, 970 A.2d at 198.  *See also Scharf*, 864 A.2d at 919 (citation omitted)

[72]     *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Mem.") at 12–15.

[73]     *See* Def. Mem. at 7 (quoting *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004)).  *See also LaPoint*, 970 A.2d at 197 (citation omitted) (adopting *Molex*'s reasoning in distinguishing between duty to defend claims, which can be resolved during the pendency of the underlying action, and duty to indemnify claims, which accrue only at the conclusion of the underlying action).

[74]     *See supra* Part V.B.1.

[75]     *Quereguan*, 2006 WL 2522214, at *5 (citing *Levy*, 2006 WL 985361, at *11).

that one's attorney is not a third party.[76]  As no common law indemnification claim has accrued, this claim is not ripe and must be dismissed.

**B.   Declaratory Judgment Is Available on Both Duty to Defend and Duty to Indemnify Claims**

The Second Circuit has held that declaratory relief is appropriate for a contingent indemnification claim.[77]  The defendants signed a purchase agreement to "indemnify, defend, and hold harmless" the plaintiff from all "Losses," arising out of Excluded Liabilities.[78]  This unambiguous obligation yields a live case or controversy for the purposes of declaratory relief.[79]  The defendants do not dispute that they may have an obligation to indemnify.[80]

There is also a case or controversy here regarding the defendants' duty to defend or pay plaintiff's legal fees.  The issue of the breach of the duty to defend

---

[76]    *See* Def. Mem. at 14.  *See also Levy*, 2006 WL 985361, at *11 (finding that common law indemnification actions become legally cognizable only when a payment is made to a third party on a particular action).

[77]    *See Associated Indem. Corp.*, 961 F.2d at 35 (finding that contingency does not defeat the jurisdiction of a declaratory judgment action and that insurance litigation has become the paradigm for asserting jurisdiction over future contingencies).

[78]    Agreement at 63.

[79]    *See Employers Ins. of Wausau*, 522 F.3d at 278 (finding that where a possibility exists of a party seeking coverage there is a case or controversy for the purposes of a declaratory judgment action).

[80]    *See* Def. Mem. at 5–9.

is ripe and substantial.[81]  The breach of contract admits of specific relief:

reimbursement, which may be awarded before the underlying litigation is

resolved.[82]  Contingency does not defeat the court's jurisdiction over this action.[83]

The plaintiff will continue to pay legal fees apparently owed by the defendants.

C.   **The Plaintiff Presents a Case or Controversy Regarding the Contractual Duty to Defend that Is Ripe for Adjudication**

1.   **There Is an Actual Controversy Regarding the Duty to Defend or to Pay Legal Fees**

The defendants argue that they have no duty to defend the plaintiff in

a third party suit, only an "option to defend."[84]  This is a flawed reading of an

unambiguous contract.  The defendants have an option to either pay legal fees or

take over the defense.[85]  The defendants rely heavily on a portion of text in Exhibit

D of the purchase agreement that states:  "if such Indemnified Party is entitled to

indemnification under [] Article IX."[86]  However, an "Indemnified Party" is clearly

---

[81]   *See supra* Part V.B.1.

[82]   *See LaPoint*, 970 A.2d at 197 (citation omitted) (finding that duty to defend claims can be resolved during the pendency of the underlying action).

[83]   *See SR Int'l Bus. Ins. Co.*, 343 Fed. App'x at 632 (citing *Associated Indem. Corp*, 961 F.2d at 35) (citation and quotation marks omitted).

[84]   Def. Mem. at 10.

[85]   *See* Agreement at Exhibit D(2).

[86]   *Id.*

entitled to indemnification under Article 9 of the purchase agreement once it is established that the third party claim arises out of an Excluded Liability.[87]  The defendants do not challenge the assertion that the third party claim alleges inducements occurring in "early 2007."[88]  Accepting this well-pleaded fact as true, the arbitration arises, at least in part, out of an Excluded Liability.  Therefore, the defendants have a contractual duty to defend plaintiff in the arbitration or to pay plaintiff's legal expenses. A breach of this duty yields a legally cognizable case or controversy.

### 2.      The Duty to Defend or Pay Legal Fees Claim Is Ripe for Adjudication

Under Delaware law, the right to defend claim can be resolved before the underlying litigation — in this case, arbitration — is concluded, as defendant's own case law reveals.[89]  The plaintiff's injury is not speculative; the plaintiff has expended significant sums in its defense.[90]  The plaintiff's injury, in expending unanticipated legal fees, is apparent and imminent.  The hardship in delay is great, the plaintiff's contractual right to legal fees is further infringed upon each day.  As

---

[87]      *See id.* at 63.

[88]      *See* Def. Mem. at 5.

[89]      *See LaPoint*, 970 A.2d at 197 (citation omitted) (finding that a duty to defend claim can be resolved during the pendency of the underlying action).

[90]      *See* Complaint ¶ 14.

a result, the claim for contractual indemnification is ripe for adjudication.

### D. The Plaintiff Adequately Pleaded Claims for Breach of Contract and Declaratory Relief Regarding Legal Fees and the Duty to Defend

#### 1. Breach of Contract — Legal Fees

The plaintiff has properly pled the existence of the purchase agreement,[91] defendants' breach of the obligation to defend or reimburse imposed by the purchase agreement, and resulting damage.  The purchase agreement clearly requires that the defendants have an obligation to either defend or reimburse the plaintiff's expenses.[92]  The plaintiff properly pled facts demonstrating this duty in the Complaint.[93]  The plaintiff sufficiently alleges that it has suffered losses in the amount of its attorneys' fees.[94]  "Losses" is defined under the contract to include attorney's fees.[95]  As a result, the plaintiff has properly pled a breach of contract claim with regard to attorneys' fees.[96]

---

[91]     *See id.* ¶¶ 10–11.

[92]     *See supra* Part V.B.1.

[93]     *See* Complaint ¶¶ 11–16.

[94]     *See id.* ¶ 14.

[95]     *See* Agreement at 11.

[96]     *See ConAgra Foods, Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 72 (Del. 2011) (finding that the duty to defend may be broader than the duty to indemnify and is triggered whenever any third party claim is covered by the terms of the

### 2.  Declaratory Judgment Is Available

The plaintiff has properly pled a justiciable case or controversy as to the duty to defend and the duty to indemnify, which is ripe for adjudication.  A declaratory judgment can settle the issues related to these duties, given the lack of ambiguity in the purchase agreement.[97]  A judgment as to defendants' obligation to reimburse and indemnify the  plaintiff will finalize the controversy and offer the plaintiff some relief from the uncertainty as to the cost of the arbitration.

### E.  Leave to Amend Is Denied

The plaintiff has requested leave to amend should any aspect of the defendants' motion be granted.[98]  However, it would be futile to grant leave to amend the indemnification claim, given that they are not ripe for adjudication as a matter of law.[99]

## VI.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the contractual indemnification claim and the common law indemnification and

---

contract).  *See also LaPoint*, 970 A.2d at 197 (citation omitted).

[97]    *See supra* Part V.B.1.

[98]    *See* Pl. Mem. at 15.

[99]    *See Cuoco*, 222 F.3d at 112 (holding that repleading is futile when a complaint is substantively insufficient).

contribution claim is granted.  The contractual claim for breach of the duty to

defend or pay legal fees and the claim for declaratory relief survive.  Leave to

amend is denied.  The Clerk of the Court is directed to close this motion (Docket

No. 7). A conference is scheduled for June 28, at 4:30 p.m. in Courtroom 15C.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 12, 2012

**-Appearances -**

**For Plaintiff:**

Alyson M. Weiss, Esq.
John M. Piskora, Esq.
Loeb & Loeb LLP
345 Park Avenue 10154
New York, New York
(212) 407-4000

**For Defendants:**

Joel M. Miller, Esq.
Charles R. Jacob III, Esq.
Amanda Frances Parsels, Esq.
Miller & Wrubel P.C.
570 Lexington Avenue, Floor 25
New York, New York 10022
(212) 336-3500