Joel M. Miller
Charles R. Jacob III
MILLER & WRUBEL P.C.
570 Lexington Avenue
New York, New York 10022
(212) 336-3500

Attorneys for Defendants-Third-Party Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERGENT WEALTH ADVISORS LLC,<br><br>        Plaintiff,<br><br> -against-<br><br>LYDIAN HOLDING COMPANY, LYDIAN TRUST CO., LYDIAN WEALTH MANAGEMENT COMPANY LLC, CMS STRATEGIES COMPANY, LLC, WINDERMERE INVESTMENT ASSOCIATES, LLC, and WINDERMERE CAPITAL MANAGEMENT LLC,<br><br>       Defendants and<br>       Third-Party Plaintiffs,<br><br> -against-<br><br>STEVEN D. LOCKSHIN,<br><br>       Third-Party Defendant. | 12 Civ. 01199 (SAS)<br><br>ECF Case<br><br>Hon. Shira A. Scheindlin<br><br><br>**DEFENDANTS'**<br>**ANSWER AND**<br>**THIRD-PARTY**<br>**COMPLAINT** |

    Defendants Lydian Holding Company, Lydian Trust Co., Lydian Wealth

Management Company LLC (collectively, "Lydian"), CMS Strategies Company, LLC,

Windermere Investment Associates, LLC, and Windermere Capital Management LLC

(collectively, with Lydian, "Defendants"), as and for their Answer to the Complaint dated

February 8, 2012 in this action ("Complaint") and their Third-Party Complaint against third-party defendant Steven D. Lockshin ("Lockshin") hereby:

      1.      Deny the allegations of paragraph 1 of the Complaint, except admit that plaintiff Convergent Wealth Advisors LLC ("Convergent") purports to seek relief as set forth in said paragraph.

      2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 2, 13 through 15, 23, 24, 32 and 34 of the Complaint.

      3.      Deny the allegations of paragraphs 3 through 7 of the Complaint as stated, and refer to Defendants' Notice of Removal dated February 16, 2012 in this action for an accurate statement of Defendants' citizenship.

      4.      Aver that the allegations of paragraphs 8 and 9 of the Complaint are matters of law to which no response is required.

      5.      With respect to the allegations of paragraphs 10 through 12, 22, 25, and 37 of the Complaint, admit that the parties entered into the Purchase Agreement (as defined), refer to the Purchase Agreement for the full and complete terms thereof, and aver that, to the extent matters or conclusions of law are alleged in said paragraphs, no response is required.

      6.      Deny the allegations of paragraphs 16 through 20, 26, 28 through 30, 33, 35 and 39 through 41 of the Complaint.

      7.      With respect to the allegations of paragraphs 21, 31 and 36 of the Complaint, repeat and reallege their responses as applicable.

8. Deny the allegations of paragraphs 27 and 38 of the Complaint, except admit that Defendants have declined to indemnify Convergent as requested because no such duty of indemnification is owed by Defendants to Convergent.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Complaint fails to state a claim on which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. The Complaint is premature, in whole or in part. No justiciable controversy exists at this time.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. The Complaint is barred by Convergent's breaches of the terms of the Purchase Agreement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. The Complaint is barred, in whole or in part, because the claims of the claimants (the "Shermans") in the underlying arbitration between the Shermans and Convergent (the "Arbitration") are based entirely or substantially on conduct of Convergent, not that of Defendants. Defendants are not obligated to indemnify or defend Convergent with respect to its own conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. The Complaint is barred, in whole or in part, because the Shermans had a contract only with Convergent and not with Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.     The Complaint is barred because Convergent waived the right to seek indemnification from Defendants.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

15.     The Complaint is barred because Convergent is estopped from seeking indemnification from Defendants, including by reason of the breaches of fiduciary duty by Lockshin set forth below.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

16.     The Complaint is barred by the doctrine of ratification.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17.     Convergent's claims are barred, in whole or in part, by Convergent's failure to mitigate its alleged damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18.     Convergent's claims are barred, in whole or in part, by Convergent's conduct of the Arbitration so as to attempt to shift responsibility from Convergent, which is the responsible party, to Defendants.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

19.     Convergent has suffered no legally cognizable damages that it is entitled to recover from Defendants.

### AS AND FOR A THIRD-PARTY COMPLAINT AGAINST LOCKSHIN

20.     For purposes of 28 U.S.C. § 1332, Defendants are all citizens of the State of Florida.

21. On information and belief, Lockshin is a citizen of one of the States of California, Maryland or Washington. On further information and belief, Lockshin has substantial and ongoing contacts with the State of New York.

22. This Court has jurisdiction over Defendants' Third-Party Complaint pursuant to 28 U.S.C. § 1332(a) as it is between citizens of different States and the amount in controversy exceeds $75,000.00. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

23. At all relevant times prior to May 1, 2007 (the "Closing Date"), Lockshin was an officer and director of each of the Defendants.

24. As an officer and director of each of the Defendants, Lockshin owed each of the Defendants fiduciary duties of care and loyalty.

25. Lockshin executed the Purchase Agreement in his capacity as Chief Executive Officer of Lydian Wealth Management Company.

26. According to the Shermans' Statement of Claim in the Arbitration, prior to the Closing Date Lockshin breached his duty of care to Defendants by making misrepresentations to the Shermans that exposed Defendants to liability.

27. According to the Shermans' Statement of Claim, Lockshin made knowingly false and fraudulent statements to the Shermans in February 2007 concerning the due diligence process then in place at Lydian.

28. The Shermans' Statement of Claim identifies *only one* person at Defendants who allegedly engaged in wrongdoing prior to the Closing Date, *and that one person is Lockshin*. No one else employed by or associated with Defendants is alleged to have engaged in wrongdoing prior to the Closing Date.

29. If Lockshin made fraudulent representations to the Shermans as the Shermans allege, such conduct was beyond the scope of Lockshin's authority as an officer and director of the Defendants.

30. On information and belief, Lockshin was a primary participant in the negotiation of the Purchase Agreement, the terms of which included certain indemnity obligations from Defendants to Convergent – indemnity obligations on which Lockshin's new employer, Convergent, now sues Defendants.

31. At the time of such negotiations, Lockshin knew he would be leaving Defendants and joining the company that became Convergent.  In fact, Lockshin was and remains the senior executive and Chairman of Convergent.

32. As such, Lockshin had an actual conflict of interest with respect to the indemnity provisions of the Purchase Agreement.  To the extent he had committed misconduct prior to the Closing Date, as the Shermans now allege, it was in Lockshin's interest to have indemnity provisions that favored his new employer, Convergent, to the detriment of his old employers, Defendants, by putting the burden on his old employers to defend claims even if they were not primarily responsible for such claims.

33. Lockshin had a substantial monetary motive in seeing that the transaction reflected by the Purchase Agreement, and related transactions, closed, as he was to and did receive funds exceeding $10,000,000.00 as a result.

34. Only Lockshin was in a position to know, prior to the Closing Date, that the Shermans might have claims that implicated the indemnity provisions of the Purchase Agreement such that Convergent might assert indemnity claims against Defendants.  Lockshin remained silent, however, and did not inform Defendants of the

possibility that such claims might exist.  Instead, he participated in the negotiation of indemnity provisions that allowed his new employer, Convergent, to make indemnity claims of a completely inequitable nature against Defendants, including the completely inequitable result of legal fees being claimed by Convergent from Defendants vastly out of proportion to anything Defendants are claimed to have done wrong.

35.   In fact, the *only* person associated with Defendants alleged to have committed any wrongdoing concerning the Shermans is Lockshin himself.  Lockshin as the senior executive and Chairman of Convergent is now causing Convergent to sue Lydian *with respect to Lockshin's own allegedly fraudulent conduct*.

36.   Lockshin's actions with respect to negotiating the terms of the Purchase Agreement while he had an undisclosed conflict of intereset with respect thereto, and his failure to disclose to Defendants his conduct vis-à-vis the Shermans, constituted a breach of his fiduciary duty of loyalty to Defendants.

37.   Thus, Lockshin's conduct vis-à-vis both the Shermans (if the Shermans' allegations are proven to be true) and Defendants constituted a breach of his duties of care and loyalty as an officer and director of Defendants.

38.   Lockshin's conduct (if the Shermans' allegations are proven to be true) included Lockshin's concealment from Defendants of the facts set forth in the Shermans' Statement of Claim that occurred prior to the Closing Date.  In view of Lockshin's conflict of interest, financial motive and alleged fraud as alleged by the Shermans, such concealment constituted fraudulent concealment from Defendants of facts that Lockshin should have disclosed to Defendants but did not.

7

39.     Lockshin's breaches of his duties were both fraudulently concealed and inherently unknowable to Defendants until such time as the Shermans asserted their claims against Convergent in May 2011 and Convergent asserted its indemnity claims against Defendants on or about May 31, 2011.

40.     As such, the statute of limitations for Defendants' claim for breach of fiduciary duty was tolled until at least May 31, 2011.

41.     As a result of his breach of his fiduciary duties of care and loyalty to Defendants, Lockshin is liable to Defendants for any amounts as to which Defendants may be found liable to Convergent.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the Complaint against Defendants or, in the alternative, enter judgment holding Lockshin liable to Defendants with respect to any amounts as to which Defendants may be liable to Convergent.

Dated:  June 27, 2012

                              MILLER & WRUBEL P.C.

                          By:     /s/ Charles R. Jacob IIII
                                Joel M. Miller
                                Charles R. Jacob III
                                570 Lexington Avenue
                                New York, New York 10022
                                (212) 336-3500

                                Attorneys for Defendants-
                                Third-Party Plaintiffs